PEOPLE v STANLEY

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—MISTAKE OF COUNSEL—
   NEW TRIAL.

   A convicted person is not entitled to a new trial on account of
   every error or omission of his lawyer; a new trial will not be
   ordered unless it appears that a new trial conducted without
   the mistake in question may well result in acquittal.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—MISTAKE OF COUNSEL—
   NEW TRIAL.

   No useful purpose would be served by ordering a new trial for a
   defendant on the ground that his trial lawyer failed to attempt
   to locate certain alibi witnesses where the alibi, even if estab-
   lished, would not negative the possibility of the defendant's
   having committed the crime, and where it is not claimed that if
   a new trial were ordered the alibi witnesses would appear and
   testify.

Appeal from Recorder's Court of Detroit, Cornel-
ius J. Sullivan, J. Submitted Division 1 November
16, 1972, at Detroit. (Docket No. 11621.) Decided
May 25, 1973.

Daniel W. Stanley was convicted of unlawfully
driving away a motor vehicle. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Robert Reuther,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 459.

*Richard S. McMillin,* Assistant State Appellate Defender, for defendant.

Before: LEVIN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

LEVIN, P. J. Daniel W. Stanley appeals his conviction of unlawfully driving away a motor vehicle. MCLA 750.413; MSA 28.645. He seeks to have his conviction set aside and a new trial ordered on the ground that his trial lawyer failed to attempt to locate possible "alibi" witnesses, thereby precluding his only substantial defense.

The essence of his defense is the claim that one of his drinking companions in a bar (one of whom he knew as "Sam"; he did not know the names of the others) sent him to fetch a bottle from the glove compartment of an automobile parked in a supermarket lot across the street and bring it back to the bar. Stanley was arrested in the automobile which had been stolen. He testified that he did not know that the automobile had been stolen and that he had the bottle in his pocket when he was arrested.

We remanded this case to the trial court for an evidentiary hearing to determine whether Stanley's lawyer adequately represented him at the trial. At the hearing, Stanley's relationship with his lawyer was reviewed, and two of Stanley's proposed "alibi" witnesses, a barmaid and the owner of the bar, testified that they had no recollection of Stanley having been at the bar on the evening of the crime, over two years previously.

The trial court found that the claim of inadequacy of counsel lacked merit. The case is now

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

before us to review that decision. We affirm Stanley's conviction.

A convicted person is not entitled to a new trial on account of every error or omission of his lawyer. Any other rule would encourage "oversight" on the part of defense counsel and could make retrial the rule rather than—as it must be—the exception. There would be no final termination of criminal proceedings if courts attempted to correct every mistake of counsel.

"Even when the failure to object is a serious mistake, we will not reverse unless we are convinced a new trial will serve a useful purpose. *People v Mattison,* 26 Mich App 453 (1970). In making such a decision, the public's interest in avoiding purposeless trials is balanced against defendant's right to a fair trial. A new trial will not be ordered unless it appears that a new trial conducted without the mistake in question may well result in acquittal. *People v Degraffenreid,* 19 Mich App 702 (1969)." *People v Tebo,* 37 Mich App 141, 150 (1971).

The people's case consisted of the testimony of the owner of the stolen automobile and of an arresting officer. The owner identified her automobile and testified that it was stolen from a downtown Detroit parking facility between 9 a.m. and 5 p.m. on December 4, 1969. The police officer testified that he and his partner, assisted by two other officers in another scout car, arrested Stanley at 7:05 that evening after investigating an automobile listed on their "hot sheet" which they saw *pulling into* the parking lot of a supermarket. According to the officer, the keys were in the ignition, the motor of the automobile was running, and Stanley was in the driver's seat.

At trial, Stanley offered the bottle-fetching explanation. He contends that his lawyer, whom he states he met only briefly on the morning of his

trial, made no effort to locate possible defense witnesses, including the barmaid and his drinking companions.

Actually, only "Sam", or one of the other drinking companions, could have testified that Stanley had been sent to fetch the bottle. Stanley does not claim that the barmaid or the bar owner could have testified to the conversation regarding the bottle, but only that had they been located two years earlier, when their memories were fresh, they might have recalled his presence in the bar from 4 p.m. to 7 p.m., December 4, 1969. Since the automobile was stolen sometime between 9 a.m. and 5 p.m., this fact, even if established, would not negative the possibility of Stanley's having removed the automobile from the downtown parking facility. And, clearly, the likelihood of "Sam" or one of the other drinking companions verifying Stanley's account, even if they could be found, is not great since, if true, it would have implicated one of them in the unlawful removal of the automobile.

It is not claimed that if we were to order a new trial "Sam" or one of the other drinking companions would appear and testify.

We are convinced on our examination of the trial record and the record of the evidentiary hearing that no useful purpose would be served by ordering a new trial.

Affirmed.

All concurred.